IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TERRY DAVIS, #140 728, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:13-CV-135-TMH |
| | ) | [WO] |
| CORIZON (C.M.S.), *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate proceeding *pro se* and presently confined at the Limestone Correctional Facility located in Harvest, Alabama, filed this 42 U.S.C. § 1983 action on February 28, 2013.[1] Plaintiff brings this complaint challenging the provision of medical care and treatment received at the Easterling and Limestone Correctional Facilities. Named as defendants are Corizon, Warden Boyd, Dr. Darbouze, Dr. Stubbs, Dr. Barrett, D. Hunt, and Nurse Wilson. Plaintiff seeks damages for the alleged violation of his constitutional rights.

Upon review of the complaint, the court concludes that dismissal of some of Plaintiff's claims against the named defendants prior to service of process is appropriate

---

[1] Although Plaintiff's original complaint was stamped "filed" in state court on March 4, 2013, the complaint was signed by Plaintiff on February 28, 2013. A *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Davis] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers February 28, 2013 as the date of filing.

under 28 U.S.C. § 1915A.  The court further concludes that the remaining claims and defendants should otherwise be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.

## I. DISCUSSION

Under 28 U.S.C. § 1915A, a district court must screen prisoners' civil complaints against government officials or entities and dismiss the complaints if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. In pertinent part, § 1915A provides:

(a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal.-On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. The language of the statute does not distinguish between complaints filed *in forma pauperis* and those in which the requisite filing fee has been paid.[2]  The

_____

[2] In this action, Plaintiff has attached to his complaint  an affidavit in support of a request for leave to proceed *in forma pauperis*.  This court makes no determination with respect to such request as the assessment and collection of any filing fee should be undertaken by the United States District Court for the Northernn District of Alabama.

procedure required by § 1915A is by its terms a screening process, to be applied *sua sponte* and as early as possible in the litigation.  *See* 28 U.S.C. § 1915A.

A.  *Claims Barred by the Statute of Limitations*

Plaintiff states that on or about September 27, 2010, while incarcerated at the Easterling Correctional Facility ["Easterling"], he broke his hip "on several occasions."  X-rays of Plaintiff's hip taken in response to his complaints of problems with ambulating indicated that the source of the pain was due to arthritis.   On November 30, 2010 Plaintiff was transferred to the Limestone Correctional Facility ["Limestone"].  (*Doc. No. 1*.)

Plaintiff continued to complain about hip pain following his transfer.  After receiving x-rays of Plaintiff's hip taken on October 27, 2010, Dr. Barrett scheduled Plaintiff for an M.R.I.  Plaintiff had an M.R.I. of his hip taken at a hospital in Athens, Alabama, on February 12, 2011. Two weeks later, or on or about February 26, 2011, Dr. Barrett told Plaintiff his hip had been broken for two months and was healing.  Plaintiff was seen by an orthopedic specialist in Huntsville, Alabama, in August 2011 who told Plaintiff that prison officials at Limestone had taken a long time to send him to a specialist following the M.R.I. and that x-rays reflected that his hip had healed but would cause him lasting pain.  Plaintiff asserts that he continues to experience problems stemming from issues with his hip including insufficient nutrition and weight loss of 20 pounds because he cannot ambulate to the chow hall. (*Doc. No. 1*.)

3

Plaintiff brings his complaint against the Easterling defendants (Defendants Darbouze, Boyd, and Wilson) alleging that medical personnel made an improper diagnosis and that Warden Boyd acted with negligence by failing to provide him with help in response to his complaints of hip pain.  Based on the facts stated in the complaint, Plaintiff learned of the alleged "improper diagnosis" from Dr. Barrett on February 26, 2011, two weeks after the M.R.I. taken on February 12, 2011.  Plaintiff's complaints regarding his hip pain made to Warden Boyd occurred prior to his transfer to the Limestone Correctional Facility on November 30, 2010. Further, Plaintiff indicates that Dr. Barrett informed him on or about February 26, 2011 that the February 12, 2011 x-ray reflected that his hip had been broken for two months which puts the occurrence date of this injury to his hip subsequent to his transfer from Easterling, or on or about December 12, 2010. Plaintiff filed his complaint on February 28, 2013. Thus,  Plaintiff's challenges to the alleged inadequate provision of medical care by the Easterling Defendants are barred by the statute of limitations applicable to actions filed by an inmate under 42 U.S.C. § 1983.

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir. 1985).  Selection of a limitations period for   § 1983 actions changed several times [between 1985 and 1989]. Alabama law, however, provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose.  *Tyson v. Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala. 1981).  It is undisputed that § 1983 claims were subject to a two year limitations period at that time. *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483-84 (11th Cir. 1989) (*Jones II*).

4

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994).  At the time Plaintiff filed the instant complaint, the applicable statute of limitations for actions brought under 42 U.S.C. § 1983 was two years.  *Owens v. Okure*, 488 U.S. 235, 249-250 (1989)(the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992).  In Alabama, the general statute of limitations for personal injury actions is two years.  *Ala. Code* § 6-2-38(l).

A portion of the alleged unconstitutional actions about which Plaintiff complains in this action occurred between September 27, 2010 and November 30, 2010. Giving Plaintiff the benefit of the doubt, he was informed on February 26, 2011 that his hip had been broken, but even affording this benefit, according to the complaint, the break occurred while Plaintiff was incarcerated at Limestone. On May 17, 1996, the Alabama legislature rescinded that portion of the tolling provision which previously applied to convicted prisoners.  *Ala. Code* § 6-2-8(a) (1975, as amended).  The tolling provision of *Ala. Code* § 6-2-8(a) is, therefore, unavailing.  Consequently, with respect to those allegations related to Plaintiff's medical care at Easterling which occurred, at the latest,  on or before November 30, 2010 and of which Plaintiff was made aware of on or before February 26, 2011, the applicable statute of limitations expired on those claims on or before February 26, 2013.  As noted, Plaintiff filed the instant complaint on February 28, 2013.  This filing occurred ***after*** the applicable periods of limitation had lapsed.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense.  The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint.  *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).  "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[A] dismissal is allowed."  *Clark*, 915 F.2d at 640.  "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous.  *See Franklin* [*v. State of Oregon*], 563 F. Supp. [1310] at 1330, 1332."  *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer."  *Ali*, 892 F.2d at 440.  "It necessarily follows that in the absence of ... defendants the ... court must evaluate the merit of the claim *sua sponte*."  *Id*.

Based on the facts apparent from the face of the present complaint, Plaintiff has no legal basis on which to proceed with regard to those claims which occurred on or before February 26, 2011 as he filed this cause of action more than two (2) years after the violations which form the basis of those claims accrued.  As previously determined, the statutory tolling provision provides no basis for relief.  In light of the foregoing, the court concludes that Plaintiff's challenges to those actions which occurred on or before February 26, 2011 are barred by the applicable statute of limitations.  These claims are, therefore, subject to

dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915A.  *See Clark*,
915 F.2d at 640.


*B.  The Northern District Claims*

To the extent Plaintiff seeks to challenge the adequacy of medical care he received
and/or is receiving at Limestone, and to the extent such claims are not barred by the
applicable limitation period as discussed, *infra*, the court concludes that this case should be
transferred to the United States District Court for the Northern District of Alabama pursuant
to 28 U.S.C. § 1404.

A civil action filed by an inmate under authority of 42 U.S.C. § 1983 "may be brought
. . . in (1) a judicial district where any defendant resides, if all defendants reside in the same
State, (2) a judicial district in which a substantial part of the events or omissions giving rise
to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if
there is no district in which the action may otherwise be brought."  28 U.S.C.  § 1391(b).
However, the law further provides that "[f]or the convenience of parties and witnesses, [and]
in the interest of justice, a district court may transfer any civil action to any other district . .
. where it might have been brought."  28 U.S.C. § 1404(a).

It is clear from Plaintiff's recitation of the facts that the matters about which he
complains with respect to the provision of medical care provided on or after February 28,
2011 and about which he has personal knowledge occurred or are occurring at prison located

in the Northern District of Alabama.  Moreover, those individuals personally responsible for the matters and conditions about which Plaintiff complains are employed at institutions outside the jurisdiction of this court.  Thus, the majority of material witnesses and evidence associated with those claims relevant to Plaintiff's allegations are located in the Northern District of Alabama. Further, by virtue of their contract with the Alabama Department of Corrections to provide state-wide inmate medical care and services, Defendant Corizon is subject to service of process throughout the state and commonly defends suits in all federal courts of this state.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case with respect to claims remaining to this cause of action should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's claims challenging events which occurred at the Easterling Correctional Facility on or before November 30, 2010 and/or of which he was made aware on or before February 26, 2011  be DISMISSED with prejudice pursuant to the directives of 28 U.S.C. § 1915A as Plaintiff failed to file the complaint with regard to these allegations within the time prescribed by the applicable period of limitation; and

2. Plaintiff's complaint against Defendants Boyd, Darbouze, and Wilson be DISMISSED with prejudice pursuant to the directives of 28 U.S.C. § 1915A as Plaintiff failed to file the complaint against these defendants within the time prescribed by the applicable period of limitation;

3. Defendants Boyd, Darbouze, and Wilson be DISMISSED as parties to this action; and

4. Plaintiff's remaining § 1983 claims presented against Defendants  Corizon, Barrett,  Stubbs, and Hunt, to the extent they are not barred by the applicable statute of limitations, be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.

It is further

ORDERED that on or before **April 5, 2013** Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 18th day of March 2013.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE